UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEWIS, | CASE NO.  1:11-cv-00369-AWI-GBC (PC) |
| Plaintiff, | COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | |
| CORCORAN STATE PRISON FOOD SERVICES DEPARTMENT, | (ECF No. 1) |
| Defendant. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Jerry Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 8, 2011.  (ECF No. 1.)  No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons stated below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

1

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff brings this action for violation of the Eighth Amendment against Defendant Corcoran State Prison Food Services Department.

Plaintiff alleges as follows: Initially, all inmates were allowed to go to the food

2

services building to receive hot food. During 2010, prison officials have allowed some inmates to continue going to the food services building to receive hot food, while other inmates are served room temperature food in their cells even though there is a diningroom available that is not in use.

Plaintiff fails to state what relief he is seeking.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Eighth Amendment

Plaintiff argues that Defendant is subjecting him to cruel and unusual punishment by not allowing him to go to the cafeteria and, instead, serving him room temperature food in his cell.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials therefore have a "duty to ensure that prisoners are provided with adequate shelter,

food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).  To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of life's necessities ." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).  Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733.  A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

"The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

The Court finds that Plaintiff's claim regarding the prison serving room temperature food does not rise to the level of constitutional proportions and, thus, fails to state a claim. See LeMaire v. Maass, 12 F.3d 1444, 1456 ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); see also Brown-El v. Delo, 969 F.2d 644, 649 (8th Cir. 1992) ("[Plaintiff's] claim that his constitutional rights were violated when he was served cold food

4

is frivolous"); Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980) (finding that there is no constitutional right to hot meals).

Because Plaintiff's allegations do not establish a "sufficiently serious" deprivation of "the minimal civilized measure of life's necessities," Farmer, 511 U.S. at 834 (internal quotation marks omitted), the Court will not grant Plaintiff leave to amend this claim.

**B.      Equal Protection**

Plaintiff appears to be alleging that he is being treated differently than other inmates in violation of the Equal Protection Clause of the Fourteenth Amendment.

Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." Tigner v. Texas, 310 U.S. 141, 147 (1940).

Equal protection claims alleging disparate treatment or classifications are subject to a heightened standard of scrutiny when they involve a "suspect" or "quasi-suspect" class, such as race or national origin, or when they involve a burden on the exercise of fundamental personal rights protected by the Constitution. See, e.g., City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 440 (1985). The heightened standard of strict scrutiny requires the State to show that the classification is narrowly tailored to serve a compelling government interest. Grutter v. Bollinger, 539 U.S. 306, 326 (2003).

Where the inmate is not a member of a protected class, an equal protection claim is subject to the rational basis test. See McGinnis v. Royster, 410 U.S. 263, 270 (1973)

(applying rational basis test where state law denied certain state prisoners good-time credit toward parole eligibility for the period of their presentence county jail incarceration, whereas those released on bail prior to sentence received good-time credit for the entire period of their prison confinement).  Under a rational basis inquiry, in order to prevail on an equal protection claim, Plaintiff must demonstrate that (1) he is similarly situated to others, (2) he is being treated worse than others to whom he is similarly situated, and (3) there is no rational basis for the disparate treatment.  More v. Farrier, 984 F.2d 269, 271 (8th Cir. 1993).  Stated another way, prison officials need show only a rational basis for dissimilar treatment of other similarly-situated persons in order to defeat the merits of Plaintiff's claim.  Id., 984 F.2d at 271.

Plaintiff does not state that he is a member of a protected class.  He does state that other prisoners are being treated differently than him and he also states that these inmates are classified differently that he is or housed differently than he is.  It appears that this differentiation could be enough to demonstrate the necessary rational basis for the dissimilar treatment.  Thus, Plaintiff fails to state an equal protection claim.  The Court will give Plaintiff one opportunity to amend.  Plaintiff must keep in mind the above cited standard if he chooses to pursue this claim.

**C.** **Prison Regulations**

Plaintiff argues that prison officials are violating their own policies and procedures. Allegations that a defendant violated a prison policy is not sufficient to state a constitutional claim.  See Tatum v. Harmon, 2010 WL 4813610, *1 (C.A.Ark. Nov. 29, 2010) (citing Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (no Section 1983 liability for violation

6

of prison policy)).  An alleged violation of prison regulations does not provide a basis for an independent cause of action under Section 1983, see, e.g. Moore v. Rowley, 126 F. App'x 759, 760 (8th Cir. 2005) (holding that violation of prison policy does not give rise to 42 U.S.C. § 1983 liability); Moore v. Schuetzle, 486 F.Supp.2d 969, 989 (D.N.D. 2007) ("In order to set forth a claim under 42 U.S.C. § 1983, an inmate must show a violation of his constitutional rights, not merely a violation of prison policy."), and absent the promulgation of "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation,'" Plaintiff cannot state a claim against Defendants, and his claim is subject to dismissal.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citations omitted); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### D.     **Personal Participation**

Plaintiff names the Corcoran State Prison Food Services Department as the lone Defendant in this action.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at

1948-49.

Plaintiff will be given one opportunity to demonstrate how Defendant personally participated in the deprivation of his rights.

## V. **CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to the issues discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-369-AWI-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   August 3, 2011

UNITED STATES MAGISTRATE JUDGE