1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEWIS, | CASE NO.    1:11-cv-00369-AWI-GBC (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| J. JASSO, et al., | (ECF No. 13) |
| Defendants. | SECOND AMENDED COMPLAINT DUE |
| _____ / | WITHIN THIRTY DAYS |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Jerry Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma

pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action

on February 8, 2011.  (ECF No. 1.)  Plaintiff's original complaint was dismissed with leave

to amend for failure to state a claim.  (ECF No. 12.)  On August 15, 2011, Plaintiff filed a

First Amended Complaint, which is now before the Court for screening.  (ECF No. 13.)  No

other parties have appeared.

For the reasons stated below, the Court finds that Plaintiff has failed to state any

1

claims upon which relief may be granted.

## II.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.   SUMMARY OF COMPLAINT

Plaintiff brings this action for violation of the Eighth Amendment.  Plaintiff names the following individuals as Defendants: J. Jasso, J. Jones, and Natalie Clark.

Plaintiff alleges as follows: Throughout 2010 and to the present, Defendant Jasso served contaminated foods on contaminated plastic food trays in unsanitary environments. The trays are not sufficiently cleaned leaving food from previous meals caked on the trays. Plaintiff refuses to eat the food brought on the trays because the contaminated food has made him sick in the past.  Much of the food delivered to Plaintiff looks spoiled and sour and smells.  Defendant Jones supervises inmates working in the food services department. Defendant Clark is also a supervisor.

Plaintiff seeks monetary damages and injunctive relief.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Eighth Amendment

Plaintiff argues that Defendants subjected him to cruel and unusual punishment by serving contaminated food on dirty trays in Plaintiff's cell, which is an unsanitary environment.

The Eighth Amendment's prohibition against cruel and unusual punishment protects

3

prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials therefore have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of life's necessities ." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff alleges that the food is contaminated, served on dirty trays, and served in his cell which is an unsanitary environment, according to him. Plaintiff states that the food has made him ill in the past. As explained by the Court in its previous order dismissing Plaintiff's original complaint, however, "[t]he Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiff repeatedly describes the food and trays as being contaminated.  However, Plaintiff fails to state what he means by contaminated.  "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."  LeMaire, 12 F.3d at 1456 (citations omitted).  Furthermore, neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation.  See Islam v. Jackson, 782 F.Supp. 1111, 1114-15 (E.D. Virginia 1992) (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning on one occasion); see also Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (inmates routinely being served cold food contaminated with foreign objects does not amount to an Eighth Amendment violation).  However, even nutritionally complete food is deficient under constitutional standards if it is prepared and served to inmates under conditions so unsanitary as to make it unwholesome and a threat to inmates who consume it.  Ramos v. Lamm, 639 F.2d 559, 570-72 (10th Cir. 1980) (holding food condition constitutionally impermissible even though no specific instance of inmate sickness cited).

If, in fact, Plaintiff is merely complaining of foreign objects in his food, he should note that that is not a constitutional violation.  At this point, Plaintiff's allegations do not establish a "sufficiently serious" deprivation of "the minimal civilized measure of life's necessities," Farmer, 511 U.S. at 834 (internal quotation marks omitted).

Furthermore, Plaintiff does not demonstrate that Defendants were aware of the allegedly contaminated food and dirty trays and whether they deliberately ignored a risk that the food was contaminated, served on dirty trays, and in unsanitary environments. See Farmer, 511 U.S. at 834.

Thus, Plaintiff has again failed to state a claim upon which relief can be granted. The Court will allow Plaintiff one additional opportunity to attempt to state a claim.

**B.     Personal Participation**

It appears that Plaintiff named all Defendants in this action at least in part because they hold supervisory positions within the food department.

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Under Section 1983, liability may not be imposed on

6

supervisory personnel for the actions of their employees under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1949.  "In a § 1983 suit or a Bivens action-where masters do not answer for the torts of their servants-the term 'supervisory liability' is a misnomer."  Id.

Thus, Plaintiff's allegations, without more, that Defendants Jasso, Jones, and Clark are somehow liable for the acts of their subordinates does not rise to the level of cognizable claims.  In his amended complaint, Plaintiff must link each named Defendant to a constitutional violation.

**V.    CONCLUSION AND ORDER**

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the amended complaint on claims and defendants relating solely to the issues discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

7

be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.     Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:11-cv-369-AWI-GBC (PC); and

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    August 22, 2011

UNITED STATES MAGISTRATE JUDGE